**STATE of Missouri, Respondent,**

v.

**Willie COLE, Appellant.**

**No. 34742.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 20, 1973.

---

James C. Jones, James E. Wynne, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., St. Louis, for respondent.

KELLY, Judge.

This appeal from a conviction of Robbery in the First Degree by means of a dangerous and deadly weapon, §§ 560.120 and 560.135 RSMo 1969 V.A.M.S.[1] presents one issue for review: did the trial court err in refusing to instruct the jury that if it found the appellant not guilty of the offense charged it could then consider whether the appellant was guilty of the offense of accessory after the fact to Robbery in the First Degree by means of a dangerous and deadly weapon? We hold that the trial court did not err, and affirm.

Appellant was jointly charged with one Marcus Westfall in an information with the offense of robbery in the first degree by means of a dangerous and deadly weapon. From the evidence the jury found that one James Tabb was the owner and operator of a Clark Service Station situated at Goodfellow and St. Louis Avenues in the City of St. Louis, Missouri, and Tommie Wallace was employed as an attendant at the Clark station. At about 2:30 a. m. on the morning of August 26, 1971, appellant was driving a Buick automobile with Marcus Westfall as a passenger in the back seat when he drove into the Clark station. Mr. Wallace approached the Buick and Westfall asked Mr. Wallace to bring him two packs of Kool cigarettes from a cigarette machine on the premises. Mr. Wallace got the cigarettes and as he was approaching the Buick automobile to deliver the cigarettes to Westfall, Westfall pointed a pistol at him and demanded whatever money Mr. Wallace had on him, and directed Mr. Wallace to put the money and cigarettes on the floor near the back seat of the auto. Mr. Wallace complied, putting $8.34, the amount he had in his pockets from the sale of gasoline, and the cigarettes on the floor of the Buick. When this was done the appellant sped away from the scene and headed south on Goodfellow Boulevard. Two members of the St. Louis Metropolitan Police Department, who were in the vicinity making a routine building check of another service station situated across the street from the Clark station, were hailed by Mr. Wallace who reported what had occurred. The police officers pursued the Buick and took appellant and Westfall into custody within a mile from the scene of the robbery after the Buick collided with another automobile parked on Easton Avenue near Clara Avenue. When the arrest was effected, both the money and cigarettes taken from Mr. Wallace were found on the floor of the Buick and a pistol was found on the back seat. Mr. Wallace identified both the appellant and Westfall at a line-up at the Central District Police Station.

Appellant's evidence was that he and Westfall had driven to various bars earlier in the evening of August 25, 1971, and had some drinks; that at about 2:30 a. m. on the 26th, he was driving the Buick automobile with Westfall riding in the back seat and when they came near the Clark station Westfall asked him to stop there to buy some cigarettes. While Westfall was making the purchase, Westfall produced a gun and demanded that the station attendant give him the money. The attendant did. Appellant testified that he had no prior knowledge or indication that Westfall intended to commit the robbery nor did he assist Westfall in the perpetration of the robbery, but he became apprehensive be-

---

1. All statutory references herein are to RSMo 1969, V.A.M.S.

cause he did not want to become involved in a criminal offense and for that reason he sped away. He admitted that at one point, when he reached Cote Brilliante Avenue, he became aware that a police car was following him but he, nevertheless, continued fleeing until his automobile collided with the parked car.

On cross-examination appellant testified that he had no knowledge whether any money was taken by Westfall, that he could not recall the substance of any verbal exchange between Westfall and the service station attendant, and that he did not see the actual transaction taking place.

The cause was submitted to the jury on a verdict-directing instruction which told them that they should find the appellant guilty of Robbery in the First Degree by means of a dangerous and deadly weapon if they found beyond a reasonable doubt that on the 26th day of August, 1971, Westfall, by means of a dangerous and deadly weapon, robbed Tommie Wallace and that appellant was present at the time and at or near the place where the robbery was committed, knew that it was unlawful and intentionally aided, assisted or encouraged Westfall in the commission of the robbery.

The trial court conversed this verdict director by instructing the jury that: "The mere presence of a person at the time and place of the commission of an offense is not alone sufficient to render him liable for its commission. *Unless you find and believe from the evidence beyond a reasonable doubt that an offense was committed as submitted in Instruction No. 2, and that the defendant was present at or near the scene of the offense, and that he knew of the unlawful purpose of the person who actually committed the offense, and that he then and there intentionally aided, assisted or encouraged such other person,* you must find the defendant not guilty." (Emphasis supplied).

Appellant was also charged under the Second Offender Act, § 556.280, with a prior felony conviction. After an evidentiary hearing the trial court made a finding that the appellant was subject to the provisions of the Second Offender Act and accordingly the determination of the extent of punishment was reserved to the court. After the jury returned its finding of guilty, punishment was assessed by the trial court at ten years in the Missouri Department of Corrections and subsequent to the overruling of appellant's motion for new trial and granting of allocution, judgment and sentence was entered and the appellant was sentenced to ten years in the Missouri Department of Corrections.

Appellant candidly states in his brief that he does not dispute the sufficiency of the evidence to authorize the submission or to support the verdict, but he would have the trial court instruct on the offense of accessory after the fact, and relies upon its refusal to do so as grounds for a reversal and remand.

We have concluded that this case is controlled by State v. Key, 411 S.W.2d 100 [Mo.1967]. Appellant was charged as a principal in the commission of Robbery in the First Degree by means of a dangerous and deadly weapon. Under the evidence he was either guilty as charged or he was not guilty. The crime of accessory after the fact, defined by § 556.180, is a distinct and separate offense and not a lesser included offense of Robbery in the First Degree by means of dangerous and deadly weapon. State v. Key, supra, l. c. 103. It would therefore have been error for the trial court to instruct on the crime of accessory after the fact.

We have examined those matters not required to be specifically assigned as error in Rule 28.02, V.A.M.R. and we find no error in those respects.

Judgment is affirmed.

SIMEONE and WEIER, JJ., concur.